IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER AVERY KELLY, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION No. H-10-2385 |
| § | |
| RICK THALER, § | |
| § | |
| *Respondent*. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, represented by counsel, filed this section 2254 habeas petition challenging his two convictions for aggravated robbery with a deadly weapon. Respondent filed a motion for summary judgment, reflecting service of the motion on counsel of record on September 8, 2010. (Docket Entry No. 5.) Despite expiration of over sixty days, petitioner has failed to contest the motion.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to two counts of aggravated robbery with a deadly weapon and was sentenced by the court to twenty years incarceration on each count, the sentences to run concurrently. No direct appeal was taken. The Texas Court of Criminal Appeals denied

petitioner's applications for state habeas relief without a written order on the findings of the trial court. *Ex parte Kelly*, Nos. 73,348-01, -02.

In the instant petition, petitioner complains that he was denied the right to allocution and to present witnesses at his sentencing hearing. Respondent argues that these claims are unexhausted, procedurally barred, and/or without merit.

## II.  THE APPLICABLE LEGAL STANDARDS

### A.  Habeas Review

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B.  Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a

genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III.  ANALYSIS

A.  Denial of Allocution

Petitioner complains that he was denied his right to allocution at the sentencing hearing. Although this claim is unexhausted and procedurally barred, it is without merit. The right to allocution is not a right granted or protected by the federal constitution, and its denial presents no cognizable federal habeas issue. *See United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004) ("[T]he right of allocution is deeply rooted in our legal tradition and an important, highly respected right; nonetheless it is neither constitutional nor jurisdictional."). To the extent petitioner asserts a violation of state law, no ground for

4

federal habeas relief is presented. *See Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (holding that a federal habeas court does not review violations of state law unless the violation renders the trial as a whole fundamentally unfair). As petitioner neither argues nor shows that the denial of allocution rendered his sentencing hearing fundamentally unfair, he shows no entitlement to habeas relief. Summary judgment is granted on this claim.

B.   Denial of Witnesses

Petitioner claims in the instant petition that the trial court refused his request to present witnesses prior to sentencing him. Petitioner fails, however, to identify these purported witnesses or state the nature and substance of their anticipated testimony. In rejecting this claim on state habeas review, the trial court found that the claim was a record claim that should have been raised on direct appeal, and was procedurally defaulted. The Texas Court of Criminal Appeals relied on the trial court's findings in denying state habeas relief.

It is well settled that federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Harris v. Reed*, 489 U.S. 255, 265 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Where, as here, a state court has explicitly relied on a procedural bar in denying habeas relief, a state petitioner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner has neither argued nor presented grounds for cause and prejudice, and fails to show that this claim should not be denied as procedurally barred. *See Brewer v. Quarterman*, 466 F.3d 344. 347 (5th Cir. 2006). Accordingly, respondent is entitled to summary judgment dismissal of this claim.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 5) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 12th day of November, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE